UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ROBERT STRICKER,**

  *Plaintiff*,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE8 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE8, CLAY GOLDEN, ELDON L. YOUNGBLOOD, SUZANNE SUAREZ, MICHAEL ZIENTZ,**

  *Defendants*.

Case No. SA-19-CV-01398-JKP

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-He8 Mortgage Pass-Though Certificates, Series 2006-HE8's ("Deutsche Bank") Motion for Summary Judgment on all of *pro se* Plaintiff Robert Stricker's asserted causes of action. *ECF No. 20*. Stricker did not file a response. After due consideration, the Court concludes Deutsche Bank's Motion for Summary Judgment shall be **GRANTED**.

### Undisputed Facts

On June 30, 2006, Thelma Garza obtained a mortgage loan from Home123 Corporation to buy a residential property located at 7703 Bent Branch, San Antonio, Texas 78250 ("the Property). Garza executed a promissory note ("the Note") in the amount of $144,000.00 in favor of

Home123. Garza and her husband, German Cano, executed a Deed of Trust in favor of Home123 to secure the mortgage loan and promissory note. Deutsche Bank later became the owner of the mortgage loan and holder of the promissory note.

On December 17, 2009, Garza executed a Warranty Deed transferring her interest in the Property to Cano as part of a divorce proceeding between them, although Garza remained the named borrower on the Note. Garza defaulted on the Note in April 2015, and on May 5, 2015, Deutsche Bank provided her with a Notice of Default. This Notice of Default informed Garza of the amount past due and alerted her that failure to bring the account current would result in election to begin foreclosure proceedings.

On January 10, 2017, Stricker executed an Affidavit of Adverse Possession, in which he attests he held an interest in the Property since May 5, 2016, derived from peaceable possession "due to abandonment." Stricker filed the affidavit in Bexar County records and attests it "is given to notify all and any interested party or parties that I have taken adverse possession and I am claiming ownership of the above described property peaceably."

Deutsche Bank did foreclose the property on October 1, 2019, obtaining a sales price at foreclosure of $167,960.00. On November 19, 2019, Stricker filed suit and Motion for Temporary Restraining Order in state court. In this Petition, Stricker alleges he is "The Third party Bonafide Owner" of the Property, he purchased the Property from Cano, and he resided at the Property "for over 3 years." Stricker did not assert specific facts regarding the purported sale or the date the purported sale occurred. Deutsche Bank timely removed the matter to this Court and subsequently filed this Motion for Summary Judgment on February 5, 2021.

Stricker, who proceeds *pro se*, did not respond to the motion; however, his daughter sent an email to the Court indicating Stricker was in ill health, was physically and mentally incapable

of handling court matters, and gave the Court permission to contact her with updates on the case. On February 10, 2021, the Court ordered the email filed under seal and treated it as a motion for extension of time. The Court extended Stricker's deadline for responding to the motion for summary judgment to April 23, 2021, and instructed that if he remained unable to proceed at that time, his daughter could file a request that she be appointed a guardian ad litem or "next friend" to act on his behalf.

When Stricker did not timely respond, the Court held a status conference at which Stricker requested another extension of time and informed the Court he was in sufficient health to handle the court matters and file a timely response. The Court extended Stricker's deadline for responding to the Motion for Summary Judgment to July 12, 2021. The Court instructed Stricker this extension of time would be the final extension, and if he failed to file a timely response the Court would proceed and consider the Motion for Summary Judgment without a response. Stricker failed to file a timely response.

## **Legal Standard**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010).

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014)(internal citation omitted). If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c).

In the event the nonmovant does not respond, a court may not grant summary judgment by default. *Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015). Even if unopposed, the Court must still review the summary judgment motion to determine whether the movant satisfied its summary

judgment burden and thereby shifted the burden. *Morgan*, 114 F. Supp. 3d at 437. The Court is permitted to accept the summary-judgment movant's evidence as undisputed and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, Civil Action No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017); Fed. R. Civ. P. 56(e)(2). However, if the nonmovant verified the live Complaint, the Court may accept the attested facts as true. *Gordon v. Watson,* 622 F.2d 120, 123 (5th Cir. 1980); *see Estate of Newton ex rel. Newton v. Grandstaff*, No. 3:10-cv-809-L, 2012 WL 3013929, at *2 (N.D. Tex. July 20, 2012).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

## <u>Analysis</u>

In the "Facts" section of the Petition, Stricker asserts Deutsche Bank "without notice foreclosed on the home", Deutsche Bank "committed fraud and deceptive practices in wrongful foreclosure", and Deutsche Bank is "in violation of Texas Finance Code Sections 329.301(8). Therefore having no authority to collect on the note or hold a substitute trustee sale." Stricker asserts a cause of action for declaratory judgment, seeking the court "declare that any attempt to

foreclose . . . is an action to collect a debt and therefore [Deutsche Bank] must produce the one and only original promissory note signed by German G Cano."

Because Stricker is *pro se*, the Court broadly construes these factual allegations to be assertions of causes of action for wrongful foreclosure, fraud, violation of Texas Finance Code Section 329.301(8), and request for declaratory relief requiring Deutsche Bank produce the original promissory note to establish its authority to foreclose.

**(1) Wrongful Foreclosure**

Construing the Petition broadly, it appears Stricker alleges Deutsche Bank committed wrongful foreclosure by failing to give him proper notice and by committing fraud and deceptive practices. Stricker does not elaborate on the specific fraudulent or deceptive acts, thus, the Court must presume the fraudulent and deceptive acts were inherent based upon the alleged wrongful foreclosure.[2]

To establish a cause of action for wrongful foreclosure, a plaintiff must show: 1) a defect in the foreclosure sale proceedings; 2) a grossly inadequate selling price; and 3) a causal connection between the defect and the grossly inadequate selling price. *See Sauceda v. GMAC Mortg. Corp.,* 268 S.W.3d 135, 139 (Tex. App.-Corpus Christi 2008).

With regard to the first element, and Stricker's allegation that Deutsche Bank failed to provide notice, Deutsche Bank provides competent summary judgment evidence showing it provided notice of the upcoming foreclosure sale to Stricker, in addition to Garza. Deutsche Bank provides a Declaration of the custodian of records of its legal counsel, Braden Barnes. *ECF No. 20, exhs. E, E-1*. In this Declaration, Mr. Barnes attests that on August 30, 2019,

---

[2] For the purpose of this summary judgment, the Court will presume Stricker held the capacity or standing to bring a cause of action for wrongful foreclosure under these facts, and the Court's holding does not imply any substantive analysis or conclusion with regard to these issues.

Deutsche Bank's counsel mailed the Notice of Acceleration and Notice of Substitute Trustee's Sale to Stricker at the Property address. *Id*. Deutsche Bank also provides a copy of the notice which informed Stricker the Property would be sold at a foreclosure sale on October 1, 2019, based upon default of the Note secured by a lien on the Property. *ECF No. 20, exhs. E, E-1*. This summary judgment evidence shows Deutsche Bank notified Stricker of the upcoming foreclosure sale, contrary to his factual allegations. This is the only allegation of a defect in the foreclosure sale proceedings.

With regard to the second element, "'[e]vidence of price paid, nearby sales, tax valuations, appraisals, online resources, and any other relevant factors may be offered to support' a property valuation." *Munguia v. Pennymac Loan Services, LLC*, 7:20-CV-00070, 2020 WL 4934593, at *7 (S.D. Tex. Aug. 24, 2020)(quoting *Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 159 (Tex. 2012)). "When a property's market value is approximately established, a substantially lower sales price may be grossly inadequate or disproportionate." *Munguia,* 2020 WL 4934593, at *7. In Texas, a foreclosure sale price of over sixty percent (60%) is not grossly inadequate as a matter of law. *Id*. (citing *FDIC v. Blanton*, 918 F.2d 524, 531–32 (5th Cir. 1990) (footnote omitted)).

In support of its motion for summary judgment. Deutsche Bank produced the Declaration of its loan servicing agent. *ECF No. 20, exh. A*. In this declaration the Senior Loan Analyst, Derrick Raleigh attested the sales price of the Property at foreclosure was $167,960.00. *Id*. Deutsche Bank also submitted evidence showing the Bexar County Appraisal value of the Property at the time of foreclosure to be $214,380.00. *ECF No. 20, exh. C*. Consequently, Deutsche Bank received a foreclosure sale price that was seventy-eight percent (78%) of the Property's tax valuation. Thus, the summary judgment evidence shows the foreclosure sales

price was not grossly inadequate as a matter of law. *See Munguia,* 2020 WL 4934593, at *7. Upon this showing, Deutsche Bank satisfied its summary judgment burden of proof, and the burden shifts to Stricker raise a genuine dispute of material fact which precludes summary judgment.

Stricker did not verify his pleading, and, therefore, did not present summary judgment evidence to create a genuine dispute of material fact with regard to the first and second elements of the wrongful foreclosure cause of action: whether he received notice of the upcoming foreclosure and whether the foreclosure sale price was grossly inadequate. *See Gordon v. Watson*, 622 F.2d at 123. For this reason, the Court may accept Deutsche Bank's evidence as undisputed. *See Broadcast Music*, *Inc.*, 2017 WL 782932, at *2.

Based upon the summary judgment evidence presented, the Court concludes Deutsche Bank satisfied its summary judgment burden of proof to show Stricker cannot establish the elements of a cause of action for wrongful foreclosure as a matter of law, and therefore, it is entitled to summary judgment. Stricker produced no response upon the shifting of the summary judgment burden. Therefore, Deutsche Bank is entitled to summary judgment as a matter of law on the wrongful foreclosure cause of action.

**(2) Fraud**

Construing Stricker's Petition broadly, it appears he alleges Deutsche Bank committed fraud by engaging in deceptive practices and by wrongfully foreclosing the property through "unlawful and fraudulent foreclosure." Stricker does not elaborate on the specific fraudulent or deceptive acts, thus, again, the Court must presume Deutsche Bank's fraudulent and deceptive acts were inherent in the alleged wrongful foreclosure.

To establish a cause of action for fraud, a plaintiff must show: 1) the defendant made a false material representation; 2) knowingly or recklessly; 3) that was intended to induce plaintiff to act upon the representation; and 4) plaintiff actually and justifiably relied upon the representation and suffered injury. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

As discussed previously, Deutsche Bank produced competent summary judgment evidence to show it provided adequate notification of the upcoming foreclosure sale to Stricker, and Deutsche Bank did not commit wrongful foreclosure as a matter of law. Consequently, to the extent these same allegations serve as basis for Stricker's fraud cause of action, Deutsche Bank satisfied its burden to show it is entitled to summary judgment on this fraud cause of action as a matter of law. Stricker cannot rely on unverified allegations of "fraudulent foreclosure" or wrongful foreclosure to raise a genuine dispute of material fact. Other than the alleged wrongful foreclosure, Stricker makes no other factual allegation of fraud or misrepresentation by Deutsche Bank made to him to support this fraud cause of action.

Based upon the summary judgment evidence presented, the Court concludes Deutsche Bank satisfied its summary judgment burden of proof to show Stricker cannot establish the elements of a cause of action for fraud as a matter of law, and therefore, it is entitled to summary judgment. Stricker produced no response upon the shifting of the summary judgment burden. Therefore, Deutsche Bank is entitled to summary judgment as a matter of law on the fraud cause of action.

**(3) Violation of Texas Finance Code Section 329.301(a)(8)**

Construing Stricker's Petition broadly, it appears he alleges Deutsche Bank violated Texas Finance Code Section 329.301(8) because it had "no authority to collect on the note or hold a substitute trustee sale."

Section 329.301(a)(8) of the Texas Debt Collection Act (the "TDCA") prohibits a debt collector from using "threats, coercion, or attempt to coerce that employ . . . "(8) threatening to take an action prohibited by law." Tex. Fin. Code § 392.301(a)(8). In addition, the following Section 329.301(b) states "Subsection (a) does not prevent a debt collector from . . . (3) exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." Tex. Fin. Code § 392.301(b)(3); *Douglas v. Wells Fargo Bank, N.A.*, 4:19-CV-00737-ALM-CAN, 2020 WL 6588598, at *7 (E.D. Tex. Oct. 21, 2020), report and recommendation adopted, 4:19-CV-737, 2020 WL 6581863 (E.D. Tex. Nov. 10, 2020). Consequently, under Section 329.301 of the Texas Finance Code, foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff defaulted on their mortgage. *Cruz v. Bank of Am., N.A.*, No. 3:19-CV-340-M-BN, 2020 WL 4561855, at *7 (N.D. Tex. July 10, 2020); *Douglas*, 2020 WL 6588598, at *7.

In support of its motion for summary judgment. Deutsche Bank produced the Declaration of its loan servicing agent. *ECF No. 20, exh. A*. In this declaration the Senior Loan Analyst, Derrick Raleigh attested Deutsche Bank was in possession of the Note and was the owner of the Loan at the time of foreclosure. *Id*. Raleigh attested Garza defaulted on the Loan in April of 2015, and as a result was provided notice of this default and intent to foreclose if the default was not cured. *Id*. Garza did not cure the default, and Deutsche Bank foreclosed on the property on October 1, 2019. *Id*. In addition, Deutsche Bank produces the Declaration of legal counsel,

Braden Barnes, in which he attests that Deutsche Bank's counsel mailed the Notice of Acceleration and Notice of Substitute Trustee's Sale to Stricker at the Property address. *ECF No. 20, exh. E.* Deutsche Bank also provides a copy of the notice which informed Stricker the Property would be sold at a foreclosure sale on October 1, 2019, based upon default of the Note secured by a lien on the Property. *ECF No. 20, exh.E-1.*

This summary judgment evidence shows Garza defaulted on the Note, Deutsche Bank held a Deed of Trust securing the Note, and Deutsche Bank notified Stricker of the upcoming foreclosure sale. From this evidence, there is no indication that in foreclosing on the Property, Deutsche Bank did anything more than "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings. The TDCA expressly permits this conduct." *Clark v. Deutsche Bank Nat. Tr. Co.*, No. 3:14-CV-3590-B, 2015 WL 4093948, at *12 (N.D. Tex. July 7, 2015); *see* Tex. Fin. Code § 392.301(b)(3). Consequently, Deutsche Bank satisfied its burden to show it is entitled to summary judgment on this cause of action as a matter of law.

The burden shifts to Stricker to raise a genuine dispute of material fact whether Garza defaulted on the Note; whether Deutsche Bank held the Deed of Trust, or; whether Deutsche Bank improperly foreclosed on the Property or engaged in any misrepresentation regarding its authority to collect on the note by foreclosing on the Property. Stricker does not allege, nor show Deutsche Bank engaged in any act in violation of Texas Finance Code Section 329.301, nor identify any statement made by Deutsche Bank that was threatening, coercive, false, or misleading. Accordingly, Stricker fails to satisfy his summary judgment burden.

Based upon the summary judgment evidence presented, the Court concludes Deutsche Bank satisfied its summary judgment burden of proof to show Stricker cannot show violation of

Texas Finance Code Section 329.301 as a matter of law, and therefore, it is entitled to summary judgment. Stricker produced no response upon the shifting of the summary judgment burden. Therefore, Deutsche Bank is entitled to summary judgment as a matter of law on this cause of action.

### (4) Declaratory Judgement Relief

In his Complaint, Stricker requests declaratory relief "that any attempt to foreclose . . . is an action to collect a debt and therefore [Deutsche Bank] must produce the one and only original promissory note signed by German G Cano." Upon broad construction of Stricker's allegations as a whole, it appears he argues Deutsche Bank's foreclosure is void because it must show it is the holder or owner of the subject Note by producing the original, signed paper.

In Texas, "[t]he original, signed note need not be produced in order to foreclose." *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 253-54 (5th Cir. 2013); *Casterline v. OneWest Bank, F.S.B.*, 2013 WL 3868011, at *2 (5th Cir. July 3, 2013)(both rejecting the "show-me-the-note" theory). Further, the issue whether a foreclosing party is the owner or holder of a promissory note is irrelevant to its interest in the real property at issue and its right to foreclose, both of which are established by the deed of trust. *Morlock, L.L.C. v. Bank of New York*, 448 S.W.3d 514, 517 (Tex. App.—Houston 2014); *see also Wells v. BAC Home Loan Servicing, L.P.*, No. W–10–CA–00350, 2011 WL 2163987, at *2 (W.D. Tex. Aug. 26, 2011).

Deutsche Bank produced evidence showing it is the assignee of the Deed of Trust and Ocwen/PHH Mortgage Corporation acted as its mortgage servicer. Deutsche Bank produced evidence Garza defaulted on the Note secured by the Deed of Trust. As the holder of a lien on the Property through the assigned Deed of Trust, Deutsche Bank is specifically permitted under Texas law to foreclose upon an uncured default.

Consequently, Stricker's request for declaratory relief cannot be granted as a matter of law. Deutsche Bank is not required to show it is the holder of the original Note to foreclose; it must only show it is the holder of the Deed of Trust providing the lien on the property. Deutsche Bank provided summary judgment evidence it held the relevant Deed of Trust on the Property by assignment. Therefore, this Court has no legal basis to declare Deutsche Bank did not have authority to foreclose on the Property because it was not in possession of the original Note.

Deutsche Bank's undisputed summary judgment evidence conclusively establishes it is in possession of the original Note executed by Garza. The Note is indorsed in blank. Deutsche Bank is also the owner of the Note. Thus, at the time of the foreclosure, Deutsche Bank was indisputably a mortgagee with authority to foreclose. To the extent Stricker's request for declaratory judgment challenges that conclusion, his challenge fails as a matter of law.

## Conclusion

For the reasons stated, the Court **GRANTS** Deutsche Bank's Motion for Summary Judgment. The Clerk is directed to close this case.

It is so ORDERED.
SIGNED this 26th day of July, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE