UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ROBERT STRICKER,**

*Plaintiff*

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE8 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE8, CLAY GOLDEN, ELDON L. YOUNGBLOOD, SUZANNE SUAREZ, MICHAEL ZIENTZ,**

*Defendants*

Case No.  SA-19-CV-01398-JKP

**O R D E R**

Before the Court is Plaintiff Robert Stricker's Motion for Leave to Proceed on Appeal *In Forma Pauperis*. *ECF No*. 35.

In a civil case, a party who desires to proceed on appeal *in forma pauperis* shall file a motion in the district court, together with an affidavit, that: (1) shows the party's inability to pay fees and costs; (2) claims an entitlement to redress; and (3) states the issues which the party intends to present on appeal. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1). The District Court may: (1) grant or deny the motion based upon the representations in the affidavit; or (2) certify in writing the appeal is not taken in good faith; or (3) find the party is not otherwise entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a)(3)(A), (4); 28 U.S.C. § 1915(a)(3).

Provided the party satisfies the financial indigency requirements, leave to appeal *in forma pauperis* shall be granted if the party raises an issue of arguable merit, that is, if the appeal is not frivolous. 28 U.S.C. § 1915(a); *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). The existence of any non-frivolous or colorable issue on appeal requires the court to grant the motion to proceed *in forma pauperis*; probable success on the merits need not be shown. *Jackson*, 811 F.2d at 261.

If the District Court denies the motion it must state its reasons in writing. Fed. R. App. P. 24(a)(2), (3)(A). Further, the District Court must certify in writing its reasons if it finds the appeal may not be taken *in forma pauperis* because "it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). An appeal is not taken in good faith if the appellant fails to present a non-frivolous issue. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Jackson*, 811 F.2d at 261.

An investigation into the movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require the movant to show probable success. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The inquiry is limited to whether the appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Id.* The existence of any nonfrivolous issue on appeal is sufficient to require the Court grant the motion. *Id.*; *Jackson*, 811 F.2d at 261.

Regarding the movant's ability to pay fees and costs, the Court must examine the demand on the party's financial resources, including whether the stated expenses are discretionary or mandatory. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). One need not be absolutely destitute to enjoy the benefit of the statute. *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339(1948). An application to proceed *in forma pauperis* is sufficient if it indicates the party

cannot, because of poverty, afford to pay for the costs of litigation and still provide for himself and any dependents. *Id*. There is no bright line test for determining if a person is indigent, and the decision to grant pauper status is within the Court's discretion. *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981).

Stricker filed a timely Notice of Appeal on August 20, 2021, and the instant motion on November 5, 2021. In the form submitted to request leave to proceed IFP on appeal, Stricker states his issues on appeal to be: "I was not given enough time to seek legal counsel Also because of the pandemic, I did not have access to the law library. I filed an extension that was not answered, I did not have access to pacer or e-file." In answer to the question seeking further explanation regarding his inability to pay the appellate filing fees, Stricker states, "The pandemic hit us very hard. On top of my health issues and being in and out of the hospital, its been very difficult on me and my family."

Upon review of these arguments, or "issues for appeal", the Court finds Stricker fails to raise an issue of arguable merit or any issue that would make the appeal "not frivolous". Review of the docket sheet and filings in this case reveal Stricker was the Plaintiff in this action, and was given multiple opportunities and extensions to facilitate his participation in this litigation, to attend telephonic hearings, respond to the Court's Show Cause Orders and to respond to Defendant's Motion for Summary Judgement. No filing requesting extension went "unanswered". The case history reveals Stricker had full opportunity to hire counsel and to represent himself, allowing for his hospitalization and health issues. Mr. Stricker chose to proceed *pro se*, and the Court allowed his daughter to assist in his *pro se* representation. In any event, even if Stricker satisfies the financial indigency requirements, these presented "issues" are not cognizable or viable, substantive issues for appeal. The Court thoroughly analyzed and

evaluated the causes of action presented in this matter and concluded summary judgment was proper in favor of Defendant as a matter of law.

Upon consideration, the Court certifies Robert Stricker fails to present a non-frivolous issue for appeal, and the appeal is not taken in good faith. Accordingly, the Court DENYS Plaintiff Robert Stricker's Motion for Leave to Proceed on Appeal *In Forma Pauperis*. ECF No. 35.

It is so ORDERED.
SIGNED this 10th day of November, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE